**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| FRANK M. SULLIVAN, III and SURVIVOR MUSIC, INC., | ) | |
| Plaintiffs, | ) | Case No. 18 cv 3770 |
| v. | ) | |
| DAVID BICKLER, | ) | |
| Defendant. | ) | |

**COMPLAINT**

Frank M. Sullivan, III and Survivor Music, Inc., for their complaint against David Bickler ("Bickler"), allege as follows:

**NATURE OF THE CASE**

1. This is an action for breach of contract, federal trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), arising from Bickler's use of the mark SURVIVOR in promoting musical performances and other goods and services.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction of the plaintiffs' federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§1331 and 1338(a) and (b), and jurisdiction of the plaintiffs' breach of contract claim pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as Sullivan and SMI are residents of this district, a substantial part of events given rise to the actions complained of occurred in this district, and Sullivan and Survivor Music, Inc. are being injured in this district.

## PARTIES

4. Sullivan is an individual residing in Palatine, Illinois. Sullivan is a founding member of the musical band SURVIVOR. Sullivan is the owner of the trademark SURVIVOR, which he has used since 1977.

5. Survivor Music, Inc. is an Illinois corporation, with a principal place of business in Mokena, Illinois. Sullivan is Survivor Music, Inc.'s sole shareholder and director. As described below, Survivor Music, Inc. is the exclusive licensee of the SURVIVOR mark.

6. Bickler is an individual residing in Chappaqua, New York.

## FACTS

7. The musical band SURVIVOR was formed in 1977, with Sullivan, Bickler, and three other musicians as original members. Bickler voluntarily departed the band in 1984 and signed the September 1984 Agreement, attached as Exhibit A.

8. The Agreement provides at Paragraph 5(d):

> …Bickler acknowledges that he has no further right or interest of any kind in any of the stock or assets of any kind whatsoever (tangible or intangible) of Survivor Corp. or any predecessor business entity to Survivor Corp. or any asset of any kind whatsoever, whether tangible or intangible, of the Group or any member of the Group.

9. Survivor Music, Inc. is the successor of Survivor Corp.

10. Sullivan obtained federal registrations of the SURVIVOR mark (Registration Nos. 2,489,712 and 3,638,169). The SURVIVOR trademark is an asset of Sullivan and of Survivor Music, Inc., as exclusive licensee.

11. Despite Bickler's voluntary departure from the band and relinquishment of all assets of Survivor Music, Inc. and any assets of members of the band, Bickler has used the SURVIVOR mark in connection with and to promote his post-departure activities in Illinois and in interstate commerce, without authorization from Sullivan or from Survivor Music, Inc. For example, The SURVIVOR mark is featured prominently throughout the "About Dave" page of Bickler's promotional website, www.davebickler.com, implying a current affiliation with the band. (www.davebickler.com/About_the_Artist.html, attached as Exhibit B) Bickler extensively uses the Survivor logo and covers from the band's albums on his website and in promoting his appearances. Bickler also maintains an Instagram account in the name of THESURVIVORDAVE, https://www.instagram.com/thesurvivordave/ (attached as Exhibit C). Additional instances of Bickler's wrongful use of the SURVIVOR mark are attached as Exhibit D.

12. Bickler on occasion uses the services of third parties to promote his solo career. As recently as May 21, 2018, Bickler's counsel has acknowledged that these third parties are under Bickler's control and has acknowledged Bickler's awareness of his contractual obligations. Thus, Bickler's breach of his contractual obligations is willful.

13. Bickler's continued unauthorized use of the mark SURVIVOR in connection with his musical performances creates the misleading impression that Bickler remains a member of or is otherwise affiliated with the band SURVIVOR.

## COUNT I

### Breach of Contract

1-13. Plaintiffs reallege Paragraphs 1 through 13 above as paragraphs 1 through 13 of Count I.

14. The September 1984 Agreement is valid, and Sullivan has fulfilled all conditions precedent to its enforcement.

15. Bickler's unauthorized use of the mark SURVIVOR to promote his solo performances and career following his departure from the band constitutes a breach of at least paragraph 5(d) of the Agreement.

16. Sullivan has been and will continue to be irreparably harmed by Bickler's use of the SURVIVOR mark in breach of the parties' Agreement, which will continue unless enjoined by the Court. Sullivan has no adequate remedy at law for Bickler's on-going breaches of the Agreement.

17. As a result of Bickler's conduct, Sullivan has been damaged.

## COUNT II

### Trademark Infringement - Violation of 15 U.S.C. Section 1114(1)

1-13. Plaintiffs reallege Paragraphs 1 through 13 above as paragraphs 1 through 13 of Count II.

14. Bickler's willful and unauthorized use of the SURVIVOR mark in interstate commerce to market and promote his post-departure activities,

including his solo performances, is likely to cause confusion among the public as to his current sponsorship or approval by Sullivan or Survivor Music, Inc., in violation of 15 U.S.C. § 1114(1).

15. Sullivan and Survivor Music, Inc. have been and will continue to be irreparably harmed by Bickler's unlawful acts, which will continue unless enjoined by the Court. The plaintiffs have no adequate remedy at law for the on-going infringement of the SURVIVOR mark.

16. As a result of Bickler's infringement of the SURVIVOR mark, Sullivan and Survivor Music, Inc. have been damaged.

## COUNT III

### Federal Unfair Competition – Violation of 15 U.S.C. § 1125(a)

1-13. Plaintiffs reallege Paragraphs 1 through 13 above as paragraphs 1 through 13 of Count III.

14. Bickler's willful and unauthorized use of the SURVIVOR mark in interstate commerce to market and promote his performances and solo music constitutes the use of a misleading representation of the origin of his services as originating from or being connected with Sullivan and Survivor Music, Inc. That use is likely to cause confusion as to Bickler's affiliation, connection or association with Sullivan and Survivor Music, Inc., in violation of 15 U.S.C. § 1125(a).

15. Sullivan and Survivor Music, Inc. have been and will continue to be irreparably harmed by Bickler's unlawful acts, which will continue unless enjoined

by the Court. The plaintiffs have no adequate remedy at law for Bickler's on-going deceptive practices.

16. As a result of Bickler's conduct and unfair competition, Sullivan and Survivor Music have been damaged.

**PRAYER FOR RELIEF**

WHEREFORE, Sullivan and Survivor Music, Inc. ask that the Court enter judgment in their favor and

1. Order that Bickler, and all those in active concert or participation with him, be preliminarily and permanently enjoined from using the SURVIVOR mark in any manner relating to the promotion of entertainment services or related products that creates a likelihood of confusion or mistake with respect to his affiliation with or connection to Sullivan or Survivor Music, Inc., or to his right to use the SURVIVOR mark.

2. Order that Bickler publicly acknowledge that his goods and services are not sponsored or endorsed by or affiliated or connected with Sullivan and Survivor Music, Inc.

4. Order that pursuant to 15 U.S.C. § 1116, Bickler file with the Court and serve on the plaintiffs, within thirty days after the issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Bickler has complied with the injunction.

5. Award Sullivan and Survivor Music, Inc. damages in an amount to be determined by the Court, and enhanced to reflect Bickler's willful misconduct, including:

A. All profits received by Bickler as a result of his unlawful actions; and

B. Any damages sustained by Sullivan and Survivor Music, Inc. as a result of Bickler's unlawful actions.

6. Award to Sullivan and Survivor Music, Inc. their reasonable attorney fees, disbursements and costs, pursuant to 15 U.S.C § 1117.

7. Grant such further relief that this Court deem just.

Respectfully submitted,

/s/ Annette M. McGarry
Annette M. McGarry (#6205751)
amm@mcgarryllc.com
Marianne C. Holzhall (#6204057)
mch@mcgarryllc.com
McGarry & McGarry, LLC
120 North LaSalle Street, Suite 1100
Chicago, IL 60602
(312) 345-4600

Attorneys for Frank M. Sullivan, III and Survivor Music, Inc.